IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:25-CV-01392-M-RJ

DEREK WILLIAM WRAGGE,

     Plaintiff,

v.

CITY OF WILMINGTON,

     Defendant.

ORDER

This matter comes before the court on the Memorandum and Recommendation ("M&R") prepared by United States Magistrate Judge Robert B. Jones, Jr. DE 5. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), Judge Jones allowed Plaintiff to proceed without paying a filing fee but recommended that this court dismiss Plaintiff's complaint for failing to state a viable claim. DE 5. Plaintiff has filed a document containing his objections to the M&R and moving for leave to amend his complaint. DE 8.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff, a resident of Wilmington, North Carolina, brings this action against the City of Wilmington, North Carolina, alleging he was falsely imprisoned when a police officer arrested him without first searching the court records, which would have indicated there were no active warrants for Wragge's arrest. DE 1 at 4. Judge Jones liberally construed Plaintiff's complaint as "intend[ing] to state a cause of action for false imprisonment and wrongful arrest under 42 U.S.C. § 1983." DE 5 at 4. Judge Jones recommends dismissing the Complaint because Plaintiff "fails to allege any facts suggesting the City of Wilmington was responsible for any constitutional deprivations under [*Monell* liability]." DE 5 at 5; *see also Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978) (Liability may attach "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.").

Plaintiff objects to that recommendation, stating the following: "Derek Wragge objects to the court's opinion that any of his statements are frivolous. Derek Wragge confirms that his constitutional rights were violated." DE 8 at 1. That objection is not specific; it merely objects to the entirety of Judge Jones' recommendation. Accordingly, the court has reviewed Judge Jones' recommendation for clear error and, finding none, ADOPTS the recommendation as its own. For the reasons stated in the M&R, Plaintiff's Complaint, DE 1, is DISMISSED. The Clerk of Court is directed to close this case. Additionally, Plaintiff's remaining pending motions are DENIED AS MOOT. DE 9, DE 13, DE 15, DE 16.

SO ORDERED this _27th_ day of May, 2026.

Richard E Myers II
_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2